***********
The Full Commission reviewed the December 8, 2008 Order of Deputy Commissioner Griffin based on the record of the proceeding before the Deputy Commissioner and the briefs and oral arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives. Upon review of the evidence the Full Commission enters the following Order affirming the decision of the Deputy Commissioner:
This claim arises out of an admittedly compensable work-related back injury suffered by plaintiff on October 23, 2003. Defendant accepted plaintiff's back injury on a Form 60 filed *Page 2 
May 11, 2004 and have been paying ongoing temporary total disability benefits and medical treatment for plaintiff's back condition to date. Plaintiff's authorized treating physician, Dr. Kirk Harum, who is board certified in anesthesiology and pain management has treated her since April 26, 2004. Dr. Harum has treated plaintiff using a number of different treatment modalities including medication, facet block injections, and a radiofrequency ablation procedure. Dr. Harum performed the first radiofrequency ablation procedure on August 3, 2005. The radiofrequency ablations provided about a twenty percent (20%) reduction in plaintiff's pain, which Dr. Harum opined is a reasonable result. However, Dr. Harum's request for authorization of a repeat of the procedure was denied. He first made the request for authorization in November of 2007 and has continued to request authorization, most recently in a letter dated September 29, 2008. Plaintiff brought this Medical Motion because defendant denied authorization for Dr. Harum's prescription of repeat radiofrequency ablations.
Dr. Harum opined, to a reasonable degree of medical probability, that plaintiff should have a repeat of the radiofrequency ablation procedure at this time to treat her chronic compensable back pain. Defendant denied Dr. Harum's request based on the report of Dr. Robert Sexton, a utilization review doctor who testified that he is board certified in neurosurgery and pain management, but no longer is engaged in the active practice of medicine. Dr. Sexton is of the opinion that the radiofrequency ablation procedure is not medically indicated. The Full Commission gives greater weight to the opinion of Dr. Harum and finds that a repeat radiofrequency ablation procedure is medically necessary to aid in effecting a cure and/or providing relief to plaintiff for conditions related to her compensable injuries.
The Full Commission concludes based on the greater weight of the evidence that the repeat radiofrequency ablation procedure recommended by Dr. Harum is medically indicated, is *Page 3 
reasonably necessary and will tend to effect a cure and/or provide relief to plaintiff's conditions which are reasonably related to her compensable injury. Plaintiff requested approval of the treatment within a reasonable time. "In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital or other treatment, the Industrial Commission may order such further treatment as may in the discretion of the Commission be necessary." N.C. Gen. Stat. §97-25.
In the discretion of the Full Commission, IT IS THEREFORE ORDERED that the radiofrequency ablation procedure recommended by plaintiff's authorized treating physician, Dr. Harum, is approved and defendant shall authorize the treatment within 10 days from the filing date of this Order.
Defendants shall pay the costs.
This the ___ day of February, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1